Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Howard Stephen*
*on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Howard Stephen, *on behalf of himself and all others similarly situated*,<br><br>　　　　　Plaintiff,<br>v.<br><br>Thunderbird Collection Specialists, Inc. d/b/a TCS, Inc.,<br><br>　　　　　Defendant. | Case No: 2:17-cv-01955<br><br>**Class Action**<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Howard Stephen ("Plaintiff") brings this class action for damages resulting from the illegal actions of Thunderbird Collection Specialists, Inc. d/b/a TCS, Inc. ("Defendant") with regard to Defendant's attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, causing Plaintiff harm.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) since this case arises from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and 28 U.S.C. § 1367 (supplemental jurisdiction) for Plaintiff's state law claims.

9. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of County of Clark, State of Nevada. Additionally, Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business herein. Further, the conduct giving rise to this action occurred in Nevada.

## PARTIES

10. Plaintiff is an individual and a resident of Clark County, Nevada.

11. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff if over 60 years of age and is therefore an "older person" as defined by NRS 41.1395.

13. Plaintiff, at all times relevant, is and was over the age of sixty (60) and was an "older person" as defined by Nevada Revised Statute ("NRS") 41.1395(4)(d).

14. Defendant is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Defendant is a corporation that is registered with the Arizona Corporation Commission, and conducts business in Clark County, Nevada.

16. Upon information and belief, Defendant's website is http://www.thunderbirdcollections.com.

17. According to its website, Defendant handles "debt collection" and similar services.
18. Defendants are persons who use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

19. Sometime before May 5, 2017, Plaintiff is alleged to have incurred certain financial obligations to the original creditor (the "Loan" or "Debt").
20. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).
21. As it is not material to this matter, Plaintiff takes no position on the validity of the alleged Debt.
22. Sometime thereafter Defendant began to collect the Debt.
23. On or about June 14, 2017, Defendant began attempting to collect the debt from Plaintiff, including through collection letters.
24. Defendant's June 14, 2017 letter states that "this is an attempt to collect a debt, any information obtained will be used for that purpose."
25. The letter further stated that "this communication is from a debt collector."
26. The letter specifically demanded payment from Plaintiff.
27. Defendant was not allowed to collect debt in Nevada without a license to collect debt. NRS 649.075.
28. Defendant is not licensed to collect debt in Nevada according to the Nevada Department of Business and Industry, Financial Institutions Division's public records.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

29. Defendant violated 15 U.S.C. § 1692e when it made false, deceptive, and misleading representations that it was authorized to collect debt in Nevada.

30. Defendant violated 15 U.S.C. § 1692e(2)(b) when it falsely represented that it may lawfully collect debt in Nevada.

31. Defendant violated 15 U.S.C. § 1692e(5) when it threatened to take action that cannot legally be taken.

32. Defendant violated 15 U.S.C. § 1692e(10) when it used false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer because Defendant was not lawfully allowed to collect debt in Nevada.

33. Defendant violated 15 U.S.C. § 1692f when it used unfair or unconscionable means to collect debt without being lawfully allowed to collect debt in Nevada.

34. Defendant's actions were willful and knowing because Defendant knew that it was required to be licensed to collect debt but nevertheless chose to attempt to collect without first obtaining a proper license.

35. As a result of Defendant's actions, Plaintiff suffered from mental anguish, embarrassment, and emotional distress. Defendant also placed Plaintiff at a risk of being subjected to additional abuses because Defendant escaped Nevada's regulatory scheme of ensuring fair collection practices.

36. NRS 649.075, and Nevada's licensing requirements are not merely procedural. The Nevada legislature found that "[t]here exists in this State a need for more stringent regulatory control over collection agencies to ensure that they are composed only of responsible and well qualified personnel." NRS 649.045. The licensing requirement was enacted to "[b]ring licensed collection agencies and their personnel under more stringent public supervision, . . . [e]stablish a system of regulation to ensure that persons using the services of a collection agency are properly represented, and . . .

[d]iscourage improper and abusive collection methods." *Id.* Defendant's unlawful collection activity deprived Plaintiff of the right to be contacted only by a licensed debt collector. Defendant thereby harmed Plaintiff, causing Plaintiff to suffer damages.

37. Further, Defendant's illegal letter coerced Plaintiff to pay Defendant $20.51, an amount to which Defendant was not entitled.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

39. Plaintiff represents, and is a member of, the Class defined as follows:

> All Nevada consumers from whom Defendant collected or attempted to collect debt within the past year.
>
> All Nevada consumers, who are over 60 years of age, from whom Defendant collected or attempted to collect debt within the past year.

40. Defendant, and its employees and agents, are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes this number to be in the hundreds, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

41. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of the Class members is impractical, and the disposition of their claims in the Class action will provide substantial benefits both to the Parties and to the Court. The Class can be identified through Defendant's records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including the following:

   a.   Whether Defendant was licensed to collect debt in Nevada; and

   b.   Whether Defendant violated the FDCPA; and

   c.   Whether Defendant violated NRS 41.1395.

44. Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), and statutory damages in an amount up to $1,000.00 for each incident, pursuant to 15 U.S.C. § 1692k(a)(2)(A)

45. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest adverse to any member of the Class. Plaintiff has retained counsel experienced in handling class action claims.

46. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, and corresponding declaratory relief, with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. § 1692 et seq.

49. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

51. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant threatened to take action that cannot legally be taken.

52. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect debt.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### SECOND CAUSE OF ACTION
### ELDER ABUSE
### NRS 41.1395

54. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

55. Plaintiff is an "older person" as defined by NRS 41.1395.

56. Upon information and belief, Defendant knew that Plaintiff was an older person.

57. Defendant attempted to cause Plaintiff to suffer a loss of money and caused Plaintiff to suffer personal injury, including mental anguish, emotional distress, economic distress, frustration, humiliation and embarrassment.

58. Defendant's actions were recklessness, oppressive, fraudulent and taken with malice because Defendant knew that it was required to obtain a license but attempted to collect debt without a Nevada license.  Defendant's actions were therefore willful and unjustified, resulting in injuries and mental anguish to Plaintiff.

59. Specifically, as a direct consequence of Defendant's unlawful actions, Plaintiff suffered, and continues to suffer, anger, anxiety, emotional distress, frustration and rage.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court to grant the following relief against Defendant:

- An order certifying the Class(es);
- An order certifying the undersigned counsel as Class Counsel;
- A declaratory judgment that Defendant's actions as discussed herein is unlawful;
- An order requiring Defendant, at its own cost, to notify all members of the Classes of the unlawful acts discussed herein;
- Injunctive relief stopping Defendant from further collection activity in Nevada;
- Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- Two times his actual damages pursuant to NRS 41.1395;
- Costs and reasonable attorney's fees pursuant to NRS 41.1395;
- Punitive damages pursuant to NRS 42.005; and

COMPLAINT                                                                 9

- Other relief as the Court deems just and proper.

**TRIAL BY JURY**

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 18th day of July 2017.

          Respectfully submitted,

          **KAZEROUNI LAW GROUP, APC**

          By: /s/ Michael Kind
          Michael Kind, Esq.
          6069 South Fort Apache Road, Suite 100
          Las Vegas, Nevada 89148
          *Attorneys for Plaintiff*